UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANGELOS CHARLES MATT | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 14-1464 |
| CHARLES CULPEPPER, ET AL. | * | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Lack of Personal Jurisdiction and Insufficient Service of Process. (Rec. Doc. 9). The Court has reviewed the parties' briefs and the applicable law and now issues this Order & Reasons.

I. BACKGROUND

Defendants Progressive Preferred Insurance Company ("Progressive") and R.E. Moore Construction, Inc. ("R.E. Moore Construction") removed this case from the 22nd Judicial District Court of St. Tammany Parish pursuant to 28 USC § 1332(a) and § 1441. (Rec. Doc. 1). Plaintiff claims that on April 25, 2013, Plaintiff was kneeling at a gas station in Slidell, Louisiana when a truck, driven by Defendant Charles Culpepper, backed up and ran over Plaintiff's right foot. (Rec. Doc. 1-1 at 2). Plaintiff alleges that R.E. Moore Construction owned the truck and that Culpepper was acting within the scope of his employment when the alleged incident occurred. (Rec. Doc. 1-1 at 3). Plaintiff also claims that Progressive had an insurance policy that provided bodily injury liability insurance and Culpepper was a named insured on the policy.

On September 26, 2014, counsel for Plaintiff, Allen J. Pipkins, II, filed an Affidavit of Long Arm Service into the record. Pipkins averred that he had complied with La. Rev. Stat. § 13:3204 by sending Defendant Culpepper the Petition for Damages and the Long Arm citation

1

issued by the Washington Parish Clerk of Court via certified mail.  (Rec. Doc. 13-1 at 1).

Pipkins relayed that Progressive's counsel had provided Culpepper's address, but Culpepper did

not receive or claim the Long-Arm citation and copy of the Petition.  (Rec. Doc. 13-1 at 1).  Mr.

Pipkins included supporting documentation that indicated

> notice was left for Mr. Culpepper on June 20, 2015, June 26, 2014, and July 6, 2014 and said certified mail correspondence was returned to plaintiff and marked unclaimed on July 28, 2014, as indicated on the attached Exhibit 1, a copy of the envelope sent to Plaintiff and Exhibit 2, a print out of the tracking information for the Petition and citation sent to defendant Charles Culpepper obtained from the United States Postal Website tracking system.

(Rec. Doc. 13-1 at 1-2).

## II.     PRESENT MOTION

Defendants filed the present motion and argue that Plaintiff failed to render sufficient service of process on Culpepper and that the Court therefore lacks personal jurisdiction over Culpepper.  Specifically, Defendants aver that Plaintiff's Affidavit of Long-Arm Service and accompanying documentation denotes insufficient service of process because it "did not include the signed certified mail domestic return receipt (green card) in proof that said Citation and Petition were received by Charles Culpepper."  (Rec. Doc. 9-1 at 2).  According to Defendants, "La. R.S. 13:3205(1) dictates proof of service requires filing in the record of the affidavit of the individual who mailed the process to the defendant, showing that it was properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant."  (Rec. Doc. 9-1 at 2).  As the Plaintiff failed to attach a return receipt to the filing, Defendants contend that service was insufficient.

Plaintiff opposes this motion and argues that the Louisiana Long-Arm statute only requires that plaintiff send a certified copy of the citation and petition to the defendant for service

2

to be perfected.  (Rec. Doc. 13 at 3) (citing La. Rev. Stat. § 13:3204(A)).  Plaintiff contends that Louisiana jurisprudence indicates that actual delivery is not a requirement for service of process under the Louisiana Long-Arm statute. Moreover, Plaintiff avers that Mr. Culpepper left the letter unclaimed at the post office, despite notices being left at his residence, and Louisiana courts have held that such inaction constitutes refusal and does not defeat service.  (Rec. Doc. 13 at 3).  Finally, Plaintiff notes that Defendant cites La. Rev. Stat. § 13:3205 as requiring a return receipt for service to be perfected, but Plaintiff contends that La. Rev. Stat. § 13:3205 only applies to default judgments.  (Rec. Doc. 13 at 5).

### III.    LAW & ANALYSIS

#### A.  Standard of Review

"In the absence of a valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).  When service of process is challenged, the party who made the service of process bears the burden of establishing its legitimacy.  *Id.*  "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process…."  *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 115, 1116 (5th Cir. 1986).

#### B.  Service of Process

The Federal Rules of Civil Procedure provide that individuals within a judicial district of the United States may be served process by delivery pursuant to the state law where the district court sits.  Fed. R. Civ. Proc. 4(e)(1).  Plaintiff in the instant case purports to have perfected service of process on Defendant Culpepper under the Louisiana Long-Arm Statute.  The Louisiana Long-Arm Statute provides that a certified copy of the citation and petition "shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant

by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state La. Rev. Stat. § 13:3204(A). "Under the clear wording of [the Louisiana Long-Arm Statute], all that is necessary to constitute service upon a non-resident…is that counsel for plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered certified mail…There is…no requirement for a signed return receipt." *Thomas Organ Co v. Universal Music Co.*, 261 So. 2d 323, 327 (La. Ct. App. 1972).   "[W]hen the plaintiff's counsel sends a copy of the citation and petition to the defendant by registered mail, such service has the same legal force and validity as person service made on the defendant within the state." *McFarland v. Dippel*, 1999-0584, p.5 (La. App. 1 Cir. 3/31/00); 756 So. 2d 618, 622.

Plaintiff perfected service on Defendant Culpepper under the Louisiana Long-Arm statute because Pipkins sent Defendant Culpepper a certified copy of the citation and petition via certified mail to the address provided by Defendant Progressive's counsel. (Rec. Doc. 13-1 at 1). Contrary to Defendants' argument, there is no requirement that Plaintiff submit a signed certified mail domestic return receipt. Moreover, Defendants erroneously cite La. Rev. Stat. § 13:3205 as support for this proposition, but that statute only applies to default judgments and the text of the statute clearly indicates that fact.

Pipkin's affidavit indicates that the certified mailing went unclaimed by Culpepper as of July 28, 2014, but that provides no barrier to a finding of sufficient service of process.  As one Louisiana court noted, "To allow a defendant to defeat service of process by refusing to claim a certified letter at the post office would make a mockery of R.S. 13:3204 and render it completely ineffective….Where the facts demonstrate a litigant chose to ignore notice of a certified letter, and refused to claim the latter at the post office, that conduct is tantamount to a refusal of service

and cannot defeat otherwise valid service." *McFarland*, 1999-0584, p.5; 756 So. 2d at 622.  In another case, a Louisiana court found that the plaintiff's attorney had mailed certified copies of the citation and the petition by certified mail to the defendant and there was no indication that plaintiff's attorney had sent it to the wrong address. *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 2004-892, p.3 (La. App. 3 Cir. 12/8/04); 889 So. 2d 442, 444-45.  The court thus held service was proper and personal jurisdiction was therefore established because defendant's non-receipt of the citation did not determine the issue of personal jurisdiction. *Id.*

Similarly, Defendant Culpepper does not allege that Plaintiff's counsel sent the certified citation and petition by certified mail to the incorrect address.  He simply contends that the lack of a return receipt defeats service of process, but as the law and jurisprudence indicates, that is an argument devoid of any supporting legal authority.  Defendant Culpepper's refusal to claim the certified mailing of the citation and petition does not defeat service of process, and the Court thus finds that Plaintiff properly served process on Defendant Culpepper.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion of Lack of Personal Jurisdiction and Insufficient Service of Process (Rec. Doc. 9) is hereby **DENIED**.

New Orleans, Louisiana, this 6th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE